## MAYOR'S COURT — JURISDICTION AND PRACTICE.

[Cuyahoga County Common Pleas Court.]

### LOUIS KUBACH v. STATE OF OHIO, AND FRED. GITTINGS v. STATE OF OHIO.

Decided, January 6, 1904.

*Power and Jurisdiction of Village Mayors—Practice in Mayor's Courts —Sufficiency of Affidavit—Joinder of Courts—Jury Trial—Form of Sentence.*

1. In cases of misdemeanors, where the acts complained of are not strictly criminal nor infamous, and where imprisonment is not part of the punishment prescribed, the prosecution is not strictly criminal but is only *quasi* criminal. In such cases defendants are not entitled to a jury trial, no information need be filed, and the trial should be had on the affidavit filed for the arrest of the defendants.

2. The jurisdiction of village mayors under Section 1824, Revised Statutes, in the cases mentioned in that section, extends throughout the county. In such cases the defendant may be tried. by the mayor, without a jury, and the defendant is not entitled to a jury trial under Section 4364-20 by reason of the fact that an affidavit contains several counts charging distinct and separate offenses.

3. Affidavits under Section 4364-20 and Section 6933 in the form given in the opinion approved.

4. Where the affidavit contains several separate counts charging distinct offenses, which are similar or correlative offenses, and which are punishable in like or similar manner, the defendant may be tried upon all at once and found guilty and sentenced upon all. In such cases, motions to discharge the defendant because of such joinder, and to compel the state to elect on which count it would proceed to trial, were properly overruled by the mayor.

5. A slot machine is a gaming device within the meaning of Section 6933, Revised Statutes.

6. The form of sentence in case of conviction on several counts, quoted in the opinion, held sufficient.

NOTE.—The judgment of the court of common pleas in these cases was affirmed by the circuit court January 8, 1904. The opinion of the circuit court will be found in Vol. II, Circuit Court Reports—New Series, page 133.

DISSETTE, J.

Petitions in error have been filed in this court in the above entitled cases, seeking to reverse the judgments of Reuben Osborn, mayor of the village of Bay, in this county, in convictions of the plaintiffs in error, defendants below, of offenses against Section 4364-20, Revised Statutes, being the Sunday Closing Law, and for permitting gambling by means of slot machines, contrary to Section 6933, Revised Statutes. In the cases numbered 84819, 84820 and 84821, Kubach was charged in three affidavits containing a total of ten counts, with ten distinct violations of Section 4364-20 on the dates named, each affidavit being for a separate date, and the last count in each affidavit being for keeping his place open on the date named. Kubach was convicted on seven counts, being found not guilty in each case on the count charging a keeping open. He was fined $150 on each affidavit, there being a fine imposed for every count on which he was found guilty, although there was a single sentence on each affidavit for the aggregate penalty.

In the Gittings cases, numbered 84822 and 84823, each affidavit contained but a single count charging a violation of Section 6933. He was found guilty in each and a fine of $50 imposed in each case.

In the cases numbered 84822, 84823 and 84824, Gittings was charged in three affidavits containing eight separate counts, with eight distinct violations of Section 4364-20, five counts being for separate sales to different persons, each affidavit covering one date, and the last count in each affidavit being for keeping his place open on the date named. He was convicted on all counts, and was fined $150 in the first case, $150 in the second case and $100 in the third, the mayor having assessed $50 on each count of each affidavit.

The records in these cases contain a great many objections and exceptions, some of which are not urged in this court, and appear to have been abandoned. In fact, an objection was made and an exception entered at every stage of the proceedings, the objections embracing every motion known to the criminal code in cases in the court of common pleas, and others for which there is no warrant in the criminal code. The numerous and persistent objections, particularly to the jurisdiction of the court, taken in these

cases, would be very confusing to the average village mayor, in case he be not a lawyer, and were probably made for that purpose.

In all these cases, when the petitions in error were filed in this court, the execution of sentence was suspended by order of one of the judges of this court upon the plaintiffs in error executing bonds in the sums fixed by the order of this court, and the bonds were given in this court, being approved by the clerk. This is the proper practice on this point, as the mayor has no authority to suspend sentence nor take any bond after sentence.

A novel question is made, which applies to all these cases, that the procedure in the court below is defective, in that no information was filed in the mayor's court against the defendants, only an affidavit having been filed, on which a warrant issued for the arrest of the defendants, and the trial was had on the affidavit.

Counsel for plaintiffs in error mistake the character of these cases. Cases in which the punishment is by fine only are not strictly criminal cases, but are only *quasi* criminal. And this is true whether the offense is against a state law or a municipal ordinance. Our Supreme Court early recognized this distinction. In the case of *Markle* v. *The Town Council of Akron,* 14 Ohio, 587, Chief-Justice Wood, delivering the opinion of the court says:

"It is true that for offenses strictly criminal or infamous, punishment can be inflicted only through the medium of an indictment or presentment of the grand jury (Constitution of Ohio, Article VIII, Section 10). There are, however, many offenses, made so by statute, which are but *quasi* criminal, and where the Legislature may direct the mode of redress untrammelled by this constitutional provision. Such is Sabbath breaking, selling spirituous liquors on Sunday and the disturbance of religious meetings, with many others (Swan's Statutes, 255, 256). Long acquiescence in these enactments goes far to show the construction which has been placed by all on the Constitution and that there may be many offenses, though decidedly immoral and mischievous in their tendencies, that are not crimes, but at most only *quasi* criminal. Of such, jurisdiction may be given to a justice of the peace or mayor of an incorporated town."

In the leading case of *Inwood* v. *State,* 42 O. S., 186, Judge McIlvaine, delivering the opinion of the court, quotes with approval the language above, and applies it to the case then before the

408    CUYAHOGA COUNTY COMMON PLEAS.

Kubach v. State of Ohio and eight other cases. [Vol. I, N. S.

court, which was a conviction for violation of the statute prohibiting the disturbance of religious meetings.

Again, in *State* v. *Rouch,* 47 O. S., 480, the court cites the same language from *Markle* v. *Akron* and approves the former holding.

These cases clearly show that such offenses as those under consideration are not strictly criminal, but are *quasi* criminal only. True, the action is criminal in form, because it is begun by the arrest of the defendant, but the strict rules applicable to criminal cases in courts of record are not applicable to these cases. The criminal laws of the state permit the arrest of offenders upon the filing of an affidavit with the mayor or other magistrate. By Section 1824 the mayor is given jurisdiction to try any such case. The court holds that such trial is to be had upon the affidavit and that no information is necessary.

Second. It appears from the records that the offenses of which the plaintiffs in error were convicted were committed in this county, but outside the village of Bay, in which the plaintiffs in error were tried, and it is urged that the mayor had no jurisdiction over offenses committed outside his village. This is an error, for such jurisdiction is expressly conferred by Section 1824, Revised Statutes.

It is also urged that the mayor had no jurisdiction to try the defendants without a jury under this section, because the affidavits in these cases contain several charges of distinct offenses, and therefore the charges were for repeated offenses, and the defendants being liable to imprisonment, were entitled to a jury trial, which was denied. This contention is not correct, for no one of the counts contains an allegation that the offense is a second or repeated offense and such allegation is necessary to justify the imposition of an increased penalty (*Larney* v. *Cleveland,* 34 O. S., 599). This question is also considered in a carefully prepared decision of Judge Scroggy of the Court of Common Pleas of Greene County, in the case of *Harlow* v. *State,* 1 Nisi Prius Reports—New Series, 323, where a like holding is made. The defendants, therefore, were properly tried on all the counts as for a first offense and were not entitled to a jury trial.

Third. The sufficiency of the affidavits in these cases is challenged. The affidavit against Fred. Gittings in case No. 84825

contains three counts.   Omitting the formal parts, the first count is as follows:

"That on the nineteenth day of July in the year 1903, being the first day of the week, commonly called Sunday, at the county of Cuyahoga and state of Ohio, one Fred. Gittings, then and there being, did then and there unlawfully and knowingly sell to one L. B. Farris intoxicating liquors, to-wit, whisky, a distilled liquor. That the said Fred. Gittings was not then and there a regular druggist; contrary to the form of the statute in such case made and provided."

The second count is like the first, except that it charges a sale, on the same date, of beer, a malt liquor, to John Finneran.

The third count charges—

"That on the nineteenth day of July, in the year 1903, being the first day of the week, commonly called Sunday, at the county of Cuyahoga and state of Ohio, said Fred. Gittings, then and there being, did then and there unlawfully and knowingly allow to remain open a certain room, said room being then and there and theretofore a place where on other days of the week than the first, commonly called Sunday, intoxicating liquors were there and therein sold and exposed for sale by the said Fred. Gittings, said room not being then and there a regular drug store, contrary to the form of the statute in such case made and provided."

In the case against Fred. Gittings number 84822, the substance of the charge is:

"That on or about the eighteenth day of July, in the year 1903, at the county of Cuyahoga and state of Ohio, one Fred. Gittings then and there being, did then and there unlawfully suffer a certain game, the name of which is to affiant unknown, to be played for gain, to-wit, for money, to-wit, for the sum of five cents, by means of a certain gaming device and machine, to-wit, a slot machine, by certain persons whose names are to affiant unknown, in a certain house and erection of him, the said Fred. Gittings; the same house being then and there in the care and possession of him, the said Fred Gittings, contrary to the form of the statute in such case made and provided."

It is suggested in argument that these charges are defective, for it is said that each count must conclude with the words, "and against the peace and dignity of the state of Ohio."   This ques-

tion was presented to his Honor Judge Stone at the last term of this court in the unreported case of *Peter Nelson* v. *The State of Ohio,* which was a petition in error seeking a reversal of the judgment of the mayor of Berea in a case of violations of the Beal Law alleged to have been committed in the village of Berea. In that case Judge Stone held that while these words are usual in indictments, their omission from an affidavit is an immaterial irregularity.

Another objection which is here made is that the first count, quoted above, is defective in not excepting sales made by a regular druggist on the written prescription of a regular practising physician for medical purposes. The count in the affidavit alleges that Fred Gittings was not then and there a regular druggist, but it is claimed this does not sufficiently state the exception. This view of the statute is erroneous. As the class of sales which are excepted under the statute can be made only by a regular druggist, it follows that if the state alleges and proves that the defendant is not a regular druggist, it need go no further on that point, such proof rendering it impossible for the defendant to make a lawful sale under the exception. The State could have alleged and proved that the sales were not made upon such a prescription as the statute provides, and such allegation and proof would have been sufficient. But the State took the other point in its case, and clearly covered the exception. The affidavit is, therefore, sufficient on this point.

Without stating in detail the other objections made to these forms of charges, we hold the charges in these affidavits to be sufficient, and that the motions to quash these affidavits and the demurrers thereto were properly overruled by the mayor.

Fourth. It is objected that the several affidavits for violations of the Sunday law each contained several distinct charges of separate offenses, and it is argued that the mayor committed an error in refusing the motions to compel the prosecution to elect on which charge it would proceed to trial.

We hold this point not well taken. It has long been the practice in cases of this character to join several counts in one affidavit, where the offenses are similar or correlative offenses, which are punishable in like or similar manner, and in such case the defend-

ant may be tried upon all and found guilty and sentenced upon all. Such was the holding of his Honor Judge Stone in the case of *Peter Nelson* v. *State of Ohio,* above referred to, where the defendant was tried upon an affidavit containing two counts, one for selling intoxicating liquor, for beverage purposes, contrary to the Beal Law, at Berea, in this county, and in a second count was charged with keeping a place at Berea where intoxicating liquors were sold for beverage purposes contrary to the Beal Law. We are also cited to the decision in the case of *Harlow* v. *State,* 1 Nisi Prius Reports—New Series, 323, where a similar holding was made in a Beal Law case. These holdings appear to us to be correct, and in our opinion the mayor committed no error in that regard.

A motion was also made before the mayor in each of the Sunday law cases to dismiss the case because several distinct charges were joined in one affidavit. This motion was overruled and exceptions taken. In such ruling the mayor committed no error. The defendant was not, for this reason, entitled to be discharged.

Fifth. It was also suggested in argument that a slot machine is not a gaming device, but we hold this objection not well taken. In a number of cases in the police court of this city, and other courts in this county, convictions have been had under Section 6933 for maintaining slot machines, and these cases have been affirmed by the higher courts. We are unable to see how this objection can be successfully made, in view of the many decisions on this subject.

Sixth. An exception is also taken to the sentence in each of the Sunday law cases. In each case the form of sentence was as in the following, which was the sentence in case No. 84820:

"It is the sentence and judgment of this court that you, the defendant, Louis Kubach, pay to the State of Ohio a fine in the sum of $150, being a fine of $50 on the first count of the affidavit herein, a fine of $50 on the second count of the affidavit herein, and a fine of $50 on the third count of the affidavit herein, and that you stand committed to the workhouse of the city of Cleveland, Ohio, until said fine and costs be paid, or you be otherwise discharged by due process of law."

The same question was before us at the present term in the unreported cases of *Edward Everson* v. *State of Ohio,* and *L. V.*

412    CUYAHOGA COUNTY COMMON PLEAS.

Kubach v. State of Ohio and eight other cases. [Vol. I, N. S.

*Carey* v. *State of Ohio,* which were petitions in error to reverse the judgments of the mayor of the village of Bedford in the cases of convictions of Lakewood saloonkeepers of violations of the Beal Law. In those cases we held this form of sentence to be sufficient and we so hold in the present case. There was, therefore, no error committed by the mayor of the village of Bay in that regard.

This disposes of all the points discussed in argument by the plaintiffs in error. There are other questions raised upon the records before us, which have not been argued here, and which appear to have been abandoned, at least in this court. We have carefully examined all exceptions on the record and find no error therein. The judgments of the mayor of the village of Bay in the eight cases before us are affirmed, and it is ordered that mandates issue from this court to the mayor's court of the village of Bay, commanding him to carry into execution the several judgments. Exceptions will be noted in the entry on behalf of plaintiffs in error.

*James M. Williams* and *Hart, Canfield & Croke,* for plaintiffs in error.

*Albert V. Taylor,* for defendant in error.